IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD L. STEARNSMILLER,
    Plaintiff,

vs.                              Case No.: 5:09cv215/RS/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## ORDER

        Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 and a motion for leave to proceed in forma pauperis (Docs. 1, 2).  Plaintiff has also filed a "Motion for Preliminary Ruling to File Non-Paper Rule 104 Evidence (a) Admissibility of HumidAir," in which Plaintiff requests a court order permitting him to file all of his medical records and "HumidAir respiratory disability equipment" prior to service of this lawsuit upon Defendants (Doc. 3).  Plaintiff also requests that the court issue a "gag order" directing counsel in the Florida Attorney General's Office not to disclose the contents of Plaintiff's complaint to the Florida Department of Corrections, or its attorneys, agents, employees, or personnel (*id.*).

        Upon review of the motion to proceed in forma pauperis, the court concludes that Plaintiff failed to provide the requisite supporting documentation for the motion, specifically, a certified copy of the inmate account statement for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate prison official.  *See* 28 U.S.C. § 1915(a)(2).  Although Plaintiff submitted copies of inmate account statements for the months of September 2008 through April of 2009, the copies are not certified by a prison official.  Furthermore, as the complaint was filed June 17, 2009 (*see* Doc. 1 at 1), the six-month period immediately preceding that date includes the period May 1 through June 17, 2009, but none of the account statements submitted by Plaintiff cover that period.  Therefore, the motion to proceed in forma pauperis will be denied without prejudice to Plaintiff's refiling a complete motion with the required supporting documentation.

Additionally, the court notes that Plaintiff filed hundreds of exhibits with his complaint. Plaintiff is advised that the filing of exhibits as evidentiary support for his complaint is premature and improper.  The court will notify Plaintiff when legal memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Therefore, the clerk will be directed to return the exhibits to Plaintiff.  For the same reason, Plaintiff's motion requesting permission to file his medical records and respiratory equipment will be denied.  With respect to Plaintiff's request for issuance of a "gag order," he has failed to provide a sufficient legal or factual basis for his request; therefore, this request will be denied.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED** without prejudice.

2. Plaintiff's "Motion for Preliminary Ruling to File Non-Paper Rule 104 Evidence (a) Admissibility of HumidAir" (Doc. 3) is **DENIED**.

3. The clerk shall send Plaintiff a motion to proceed in forma pauperis and a prisoner consent form and financial certificate approved for use in the Northern District.  This case number should be written on the forms.  Additionally, the clerk shall return the exhibits submitted with the complaint to Plaintiff.

4. Within **THIRTY (30) DAYS** from the date of docketing of this order Plaintiff shall (1) pay the $350.00 filing fee, or (2) submit a completed motion to proceed in forma pauperis with the requisite certified copy of the inmate account statement for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate prison official.

5. Failure to comply with this order as instructed may result in a recommendation that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 24th day of June 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**